FILED

APR 4 2007

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EFREM O. LABOKE,**
    **Plaintiff,**

vs.                                           **CIVIL ACTION NO. 1:07 CV 31**
                                                      **(STAMP)**

**GRAFTON CITY HOSPITAL,**
**DR. OLA ADENIYI,**
**UNITED HOSPITAL CENTER, and**
**DR. GUIRGUIS S. NABIL,**
    **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I.
### Procedural History

Proceeding *pro se,* on January 9, 2007 Plaintiff, Efrem O. Laboke, filed the within civil action in the United States District Court for the District of Columbia (Civil Action 07-0043). Noting that the complaint, on its face, asserted that the Plaintiff, Efrem O. Laboke was a resident of Farmington, West Virginia and that the named and unnamed Defendants, Grafton City Hospital, Dr. Ola Adeniyi, United Hospital Center and Dr. Guirguis S. Nabil[1] were all residents of Grafton, Taylor County, West Virginia and Clarksburg, Harrison County, West Virginia and further noting that all of the claims alleged by Plaintiff relate to the care, treatment and death of Plaintiff's wife in West Virginia and bore no connection to the District of Columbia, the District of Columbia Court *sua sponte* transferred the case to the Norther District of West Virginia by order dated January 12, 2007 [Docket Entry 2] pursuant to 28 U.S.C. § 1404(a).

On March 14, 2007 the civil action was transferred to District Judge Frederick P. Stamp, Jr.

---

[1] Dr. Nabil was not named in the caption of the case or complaint. However, the body of Plaintiff's complaint includes allegations concerning Dr. Nabil whom Plaintiff also identifies as a Defendant.

by Chief Judge Irene M. Keeley.

By Order of Reference dated March 15, 2007 [Docket Entry 5] District Judge Frederick P. Stamp, Jr. referred the within civil action to the undersigned Magistrate Judge for screening of the complaint pursuant to 28 U.S.C. § 1915(a) and 28 U.S. C. § 1915(e) (2) (1996) and to make recommendation for disposition.

The named and unnamed Defendants have not been served with a copy of the summons and complaint and they have not appeared in the within action.

II.

28 U.S.C. 1915(a) and 28 U.S. C. § 1915(e) (2) (1996)

28 U.S.C. 1915(a) provides in pertinent part: "Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."

28 U.S. C. § 1915(e) (2) (1996) provides in pertinent part: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

(B)    the action or appeal –

    (i)    is frivolous or malicious;

    (ii)   fails to state a claim on which relief may be granted; or

    (iii)  seeks monetary relief against a Defendant who is immune from such relief."

III.

Discussion

**Jurisdiction**

Plaintiff seeks: (a) "damages crime in an amount to be determine of $90,000,000.00 ninety million dollars" and (b) injunctive relief against Defendants (1) "compelling them to cease their illegal acts of medicine malpractice wrongful death of Plaintiff's wife Eunice Laboke" and (2) that they "be enjoined from all further acts of wrongful death of plaintiff's wife Eunice Laboke."

Review of Plaintiff's complaint [Docket Entry 3-2] reflects that Efrem O. Laboke contends that neither he nor his wife signed authorization for surgery or hospice care treatment; that Dr. Adeniyi signed certain papers concerning hospice care for Eunice Laboke at Grafton City Hospital; that Dr. Nabil, an unnamed Defendant, performed surgery on Eunice Laboke while at United Hospital Center and that somehow those actions resulted in the wrongful death of Eunice Laboke. Plaintiff alleges that "Defendant foreign physicians ... in the State of West Virginia are unlawfully allowed to go do medical experiments on patients at hospitals and nursing homes and ...."

Plaintiff asserted he was filing the within civil action under the auspices of 28 U.S.C. §1346[2]

This is not a civil action against the United States for the recovery of any internal-revenue tax under 28 U.S.C. §1346(a)(1).

This is not a civil action or claim against the United States not exceeding $10,000 in amount founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort under 28 U.S.C. §1346(a)(2).

This is not a civil action for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government

---

[2]Civil action cover sheet signed by Efrem Odongo Laboke on January 9, 2007 [Docket Entry 3-2].

while acting within the scope of his office or employment where the United States if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred under 28 U.S.C. §1346(b)(1).

This is not a civil action by a person convicted of a felony who is incarcerated for mental or emotional injury suffered while in custody under 28 U.S.C. §1346(b)(2).

This is not a civil action which would include jurisdiction of any set-off, counterclaim, or other claim or demand on the part of the United States against the Plaintiff under 28 U.S.C. §1346(c).

This civil action does not involve a pension under 28 U.S.C. §1346(d).

This civil action does not fall under the purview of 28 U.S.C. §1346(e).

This civil action does not involve a claim to quiet title to real property or an estate in which an interest is claimed by the United States under 28 U.S.C. §1346(f) and Plaintiff is not a covered employee within the meaning of section 453(2) of title 3 or under chapter 5 of such title pursuant to 28 U.S.C. §1346(g).

On it's face, Plaintiff's complaint does not assert diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332. To the contrary, all the Defendants are from the Northern District of West Virginia as is the Plaintiff, a fact which defeats diversity.

Reading Plaintiff's complaint in the most liberal of terms, no federal question is presented within the meaning of 28 U.S.C. §1331.

In short, Plaintiff does not assert a basis for federal jurisdiction. Therefore, his complaint fails to state a claim that this court has jurisdiction to hear and should be dismissed.

**West Virginia Medical Professional Liability Act**

Even if Plaintiff had diversity of citizenship and amount in controversy jurisdiction or federal

question jurisdiction, the Court must assess his claims within the confines of the West Virginia Medical Professional Liability Act.[3]

From the face of Plaintiff's complaint it is apparent that he has not complied with the mandatory pre-requisites for filing a medical professional liability claim as established in W.Va. Code Ch. 55, Art. 7B, Sec. 6(b) or the alternative procedures established by Sec. 6(c) and (d). Absent compliance with the statutory pre-requisites, plaintiff's complaint, insofar as it makes a medical professional liability claim, fails to state a claim on which relief may be granted.

## IV.

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** Plaintiff's action be **DISMISSED** as frivolous for lack of jurisdiction and because the same fails to state a claim on which relief may be granted within the meaning of 28 U.S. C. § 1915(e) (2).

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn,

---

[3]Plaintiff's complaint appears to be a medical negligence claim over which the Courts of the State of West Virginia have jurisdiction over all the parties as well as the subject matter, provided Plaintiff meets the requirements of West Virginia Code Chapter 55, Article 7B Sections 1 *et seq.*

474 U.S. 140 (1985).

The District Clerk for the United States District Court for the Northern District of West Virginia is directed to provide a copy of this Opinion/Report and Recommendation to the pro se Plaintiff at Route 1, Box 497-A, Farmington, West Virginia 26571.

DATED: April 4, 2007

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE