IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EFREM O. LABOKE,

    Plaintiff,

v.                                     Civil Action No. 1:07CV31
                                                    (STAMP)
GRAFTON CITY HOSPITAL,
DR. OLA ADENIYI,
UNITED HOSPITAL CENTER
and DR. GUIRGUIS S. NABIL,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Procedural History

On January 9, 2007, the pro se plaintiff,[1] Efrem O. Laboke, filed a civil action in the United States District Court for the District of Columbia, Civil Action No. 07-0043. The complaint asserts that the plaintiff is a resident of Farmington, West Virginia, and that the defendants, Grafton City Hospital, Dr. Ola Adeniyi, United Hospital Center and Dr. Guirguis S. Nabil,[2] are all residents of Grafton, Taylor County, West Virginia and Clarksburg, Harrison County, West Virginia. The claims alleged by the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

[2] Dr. Nabil was not named in the caption of the complaint as filed by the plaintiff. However, the body of the plaintiff's complaint includes allegations concerning Dr. Nabil whom the plaintiff also identifies as a defendant. The magistrate judge added Dr. Nabil to the caption of the case.

plaintiff relate to the care, treatment and death of the plaintiff's wife while at Grafton City Hospital in West Virginia and bore no connection to the District of Columbia. The District Court for the District of Columbia sua sponte transferred this case to the Northern District of West Virginia by order dated January 12, 2007 pursuant to 28 U.S.C. § 1404(a).

On March 14, 2007, this civil action was transferred to the undersigned judge by Chief Judge Irene M. Keeley.

This Court referred the action for screening of the complaint to United States Magistrate Judge John S. Kaull to make a recommendation for disposition. On April 4, 2007, the magistrate judge entered a report recommending that the plaintiff's complaint be dismissed as frivolous for lack of jurisdiction and because the complaint fails to state a claim on which relief may be granted within the meaning of 28 U.S.C. § 1915(e)(2). The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. To date, neither party has filed an objection.

On May 7, 2007, the Clerk's Office issued a summons for the complaint against the defendants, even though the magistrate judge recommended that the plaintiff's complaint be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which an objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Applicable Law

The Court may dismiss an action under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court should only order dismissal if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Advanced Heath-Care Servs. v. Radford Community Hosp., 910 F.3d 139, 143-44 (4th Cir. 1990)(quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

## III. Discussion

Plaintiff seeks "damages crime in the amount to be determined of $90,000,000.00 ninety million dollars" and injunctive relief against the defendants "compelling them to cease their illegal acts

of medicine malpractice wrongful death of Plaintiff's wife Eunice Laboke" and that they "be enjoined from all further acts of wrongful death of plaintiff's wife Eunice Laboke." (Compl. at 7.)

A.  Title 28, United States Code, Section 1346(a)(1)

A review of the plaintiff's complaint reflects that the plaintiff contends that neither he nor his wife signed an authorization form for surgery or hospice care treatment. Plaintiff asserts that Dr. Adeniyi signed certain papers concerning hospice care for the plaintiff's wife at Grafton City Hospital. Plaintiff alleges that the "Defendant foreign physicians . . . in the State of West Virginia are unlawfully allowed to go do medical experiments on patients at hospitals and nursing homes . . . ." (Compl. at 3.)

The plaintiff asserts that he was filing this civil action under the auspices of 28 U.S.C. § 1346.

Title 28, United States Code, Section 1346 states:

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;
>
> (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the

4

> Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978 [41 USCS §§ 607(g)(1)(, 609(a)(1)]. For purposes of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

(b)(1) Subject to the provisions of chapter 171 of this title [28 USCS §§ 2671 et seq.], the district courts, together with the United States District Court for the District of the Canal Zone and the District of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on or after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

(c) The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section.

(d) The district courts shall have jurisdiction under this section of any civil action or claim for a pension.

(e) The district courts shall have original jurisdiction of any civil action against the United States provided in section 6226, 6228(a), 7426 or 7428 (in the case of the

> United States district court for the District of
> Columbia) or section 7429 of the Internal Revenue Code of
> 1954 [26 USCS §§ 6226, 6228(a), 7426, 7428, 7429].
>
> (f) The district courts shall have exclusive original
> jurisdiction of civil actions under section 2409a to
> quiet title to an estate or interest in real property in
> which an interest is claimed by the United States.
>
> (g) Subject to the provisions of chapter 179 [28 USCS §§
> 3901 et seq.], the district courts of the United States
> shall have exclusive jurisdiction over any civil action
> commenced under section 453(2) of title 3, by a covered
> employee under chapter 5 of such title [3 USCS §§ 401 et
> seq].

28 U.S.C. § 1346.

This Court finds that this is not a civil action against the United States for the recovery of any internal revenue tax under 28 U.S.C. § 1346(a)(1). This is not a civil action or claim against the United States not exceeding $10,000.00 in amount, founded either upon the Constitution or any act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States under 28 U.S.C. § 1346(a)(2).

This is not a civil action for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred under 28 U.S.C. § 1346(b)(1).

This is not a civil action by a person convicted of a felony who is incarcerated for mental or emotional injury suffered while in custody under 28 U.S.C. § 1346(b)(2). This is not a civil action which would include jurisdiction of any set-off, counterclaim or other claim or demand on the part of the United States against the plaintiff under 28 U.S.C. § 1346(c). This civil action does not involve a pension under 28 U.S.C. § 1346(d) or fall under the purview of 28 U.S.C. § 1346(e).

Further, this civil action does not involve a claim to quiet title to real property or an estate in which an interest is claimed by the United States under 28 U.S.C. § 1346(f) and the plaintiff is not a covered employee within the meaning of section 453(2) of title 3 or under chapter 5 of such title pursuant to 28 U.S.C. § 1346(g).

Finally, the plaintiff's complaint does not assert diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Thus, this Court finds that this civil action is not among diverse citizens because all of the parties, plaintiff and defendants, are from the Northern District of West Virginia.

While this Court is construing the claims of the pro se plaintiff in a liberal fashion, this Court finds that no federal question is presented within the meaning of 28 U.S.C. § 1331. See Huges v. Rowe, 449 U.S. 5, 9 (1980). The plaintiff does not assert a basis for federal jurisdiction and this Court finds that

7

none exists. Accordingly, the plaintiff's complaint fails to state a claim that this court has jurisdiction to hear and must be dismissed.

B.   West Virginia Medical Professional Liability Act

Even if the plaintiff had diversity of citizenship and amount in controversy jurisdiction or federal question jurisdiction, the Court must assess his claims within the confines of the West Virginia Medical Professional Liability Act. Plaintiff's complaint appears to be a medical negligence claim over which the state courts of West Virginia have jurisdiction over all the parties as well as the subject matter, provided that the plaintiff meets the requirements of West Virginia Code, Chapter 55, Article 7B, Section 6(b) or in the alternative procedures established by section 6(c) and (d).

Upon a review of the complaint, this Court notes that it does not appear that the plaintiff has compiled with the mandatory prerequisites for filing a medical professional liability claim as established in West Virginia Code § 55-7B-6(b), or the alternative procedures established by section 6(c) and (d).

Accordingly, this Court finds that the plaintiff's complaint, absent compliance with the statutory prerequisites, insofar as it makes a medical professional liability claim, fails to state a claim on which relief may be granted.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the plaintiff's complaint is hereby DISMISSED WITH PREJUDICE as frivolous for lack of jurisdiction and because the complaint fails to state a claim on which relief may be granted.

Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 26, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE